UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABDUL HOWARD,, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEVADA, et al.,, <br><br> Defendants. | Case No. . 2:11-cv-01698-RFB-NJK <br><br> ORDER <br><br> Defendants Philip J. Kohn and Darren G. Cox's Motion to Dismiss (Dkt. No. 29) |

## I. INTRODUCTION

Before the Court is a Motion to Dismiss (Dkt. No. 29) filed jointly by Defendants Philip J. Kohn and Darren G. Cox (collectively, "Defendants"), attorneys employed by the Clark County Public Defender's Office. Upon consideration of the motion and supplemental pleadings on file, the motion is granted for the reasons stated below.

## II. BACKGROUND

The facts in this case date back to 2003, when Plaintiff Abdul Howard was facing criminal charges in the District Court of Clark County, Nevada. Howard states in his Complaint that on February 8th, 2003, he met with Cox, his public defender, and signed a plea agreement. According to the Complaint, this agreement did not indicate that he was pleading guilty to a sexual offense. During his conversation with Cox, Howard alleges that Cox told him to sign his initials in a blank area on the front page of the agreement, which Howard did. On April 10th, 2003, the plea agreement was presented and entered in court. Howard alleges that without his knowledge or consent, Cox inserted a statement into his plea agreement next to his initials which stipulated that Howard had committed a sexual offense.

1    Howard brought a civil rights complaint against Cox and Kohn (Cox's supervisor and the head Clark County Public Defender) pursuant to 42 U.S.C. § 1983. Howard alleges that this interlineation in his plea agreement was not mentioned at his plea allocution and that it caused him to be denied parole in July of 2011 and to serve an additional four months in prison. Howard also states that he was not aware of the interlineation until 2010 when he requested a copy of his judgment of conviction. In his complaint, Howard alleges various constitutional violations based on the denial of his liberty through Cox's presentment of the plea agreement containing the interlineation to the district court, as well as fraud and RICO claims. Howard seeks compensatory damages, punitive damages, and for Cox to be investigated, disbarred and charged with contempt of court.

In their motion to dismiss, Defendants argue that Howard's § 1983 claim is barred by Heck v. Humphrey, 512. U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997), and that his fraud claim is barred under a similar doctrine in Nevada law as pronounced in Morgano v. Smith, 110 Nev. 1025 (1994). In addition, Defendants argue that the § 1983 claim is barred because Cox, as a public defender engaged in the traditional functions of criminal defense counsel, was not acting under color of state law for the purposes of § 1983. , Defendants also contend that Howard's § 1983 claim against Kohn should be dismissed for failure to allege that the interlineation was done pursuant to any official policy or custom as required by Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978). Defendants further argue that Howard's claims for fraud and RICO violations are insufficiently plead and that punitive damages are unavailable under Nevada law for tort claims against government officials. Finally, Defendants argue that this Court is barred from hearing Howard's claims under the Rooker-Feldman doctrine.

### III. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on

1  a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted
2  as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT
3  Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition,
4  documents filed by a plaintiff who is proceeding without counsel (as is the case here) must be
5  liberally construed, and a pro se complaint must be "held to less stringent standards than formal
6  pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v.
7  Gamble, 429 U.S. 97, 106 (1976)) (internal citations and quotation marks omitted); see also
8  Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

9    To survive a motion to dismiss, a complaint need not contain "detailed factual
10 allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation
11 of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
12 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be
13 dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is
14 plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for
15 the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit,
16 in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a
17 complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with
18 reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff
19 to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

20   Allegations of fraud or mistake in a complaint are exposed to heightened scrutiny. In
21 pleading such allegations, the plaintiff "must state with particularity the circumstances
22 constituting fraud or mistake." Fed. R. Civ. P. 9(b). The plaintiff must also "set forth what is
23 false or misleading about a statement, and why it is false." Ebeid ex rel. U.S. v. Lungwitz, 616
24 F.3d 993, 998 (9th Cir. 2010) (internal quotations omitted). Thus, claims of fraud or mistake must
25 meet Rule 8's plausibility requirement as well as Rule 9(b)'s particularity requirement. Cafasso,
26 U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1055 (9th Cir. 2011).

**IV.    DISCUSSION**

As stated above, the Court will construe Howard's pro se Complaint liberally. Howard's Complaint alleges the violation of 42 U.S.C. § 1983 by both Defendants, as well as fraud and RICO claims.

In his response to Defendants' motion to dismiss, Howard attached several exhibits, including a copy of the plea agreement and minutes of the criminal proceedings and appeals pertaining to his conviction in state court. A Rule 12(b)(6) motion to dismiss must be treated as a Rule 56 motion for summary judgment if the court relies on materials outside the pleadings submitted by either party to the motion to dismiss. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, the court has discretion to exclude such materials, and "[a] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration." Swedberg v. Marotzke, 339 F.3d 1139, 1144, 1146 (9th Cir. 2003). Accordingly, because the Court anticipates that further evidence may come to light if the case proceeds, the Court will not consider Howard's extrinsic material and will rule upon the motion to dismiss without consideration of extrinsic evidence.

**A.   Rooker-Feldman Doctrine**

It should be noted at the outset that Defendants seek the dismissal of all of Howard's claims under the Rooker-Feldman doctrine, which bars federal district courts from hearing "de facto appeal[s]" from state court judgments. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). However, Rooker-Feldman does not apply in this case. Howard is not "assert[ing] as a legal wrong an allegedly erroneous decision by a state court, and seek[ing] relief from a state court judgment based on that decision"; if he were, Rooker-Feldman would bar subject matter jurisdiction. Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). Rather, Howard's claims refer to alleged injuries caused by an adverse party, and such claims are not barred by Rooker-Feldman. Id.; see also Kougasian, 359 F.3d at 1140 ("Rooker-Feldman thus applies only when the federal

plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment.") (emphasis in original).

### B. Section 1983 Claims

Howard's Section 1983 claims against the Defendants must be dismissed. First, these claims represent an impermissible collateral attack on his criminal conviction. Second, his complaint does not allege conduct by Cox that is recognized as being under the color of state law.

Howard asserts that Cox, who was employed as his public defender in Clark County District Court, asked Howard to sign and initial his plea agreement and thereafter inserted a sentence next to Howard's initials stating that Howard stipulated that his offense was sexually motivated. He argues that Cox's action caused him to be labeled a sex offender and to be denied parole, leading to an additional four months in prison. Construing Howard's complaint liberally, with respect to his Section 1983 claims Howard is claiming that Cox unconstitutionally deprived him of his liberty under color of state law by inducing him to enter a plea and sign an underlying plea agreement without full knowledge of the facts within the plea and its consequences.

"A guilty plea 'is valid only if done voluntarily, knowingly and intelligently, with sufficient awareness of the relevant circumstances and likely consequences.'" Barrios v. Dexter, 506 F. App'x. 619, 621 (9th Cir. 2013) (quoting Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005)). A plea is invalid and thus cannot support a conviction if a criminal defendant is not aware of "the nature of the charges against him," Bradshaw, 545 U.S. at 182, or if he does not understand "the consequences of his plea, including the range of allowable punishment that will result from his plea." Tanner v. McDaniel, 493 F.3d 1135, 1147 (9th Cir. 2007) (internal quotation omitted).

In this case, Howard alleges that a stipulation that his conviction was for a sexual offense was inserted into his plea agreement without his knowledge. He argues that this interlineation caused him to serve additional time in prison and to be "slander[ed]" and called a sex offender by the probation and parole department. Complaint at 7. These allegations constitute an attack on Howard's plea agreement, as a ruling for Howard in this case would necessarily require the

- 5 -

1 Court to invalidate his plea and vacate the underlying conviction: if Howard's claims are true, his plea was not knowing and voluntary because he was not fully aware of the facts to which he admitted during his plea and did not fully understand all of the consequences of his plea.

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the U.S. Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Therefore, a § 1983 claim is barred by Heck if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" and if the conviction or sentence has not already been invalidated or called into question. Id. at 487. Heck recognizes the longstanding principle that valid criminal convictions are not properly subject to collateral attack through civil tort actions. Id. at 486.

Applying Heck to this case, it is clear that Howard's claim constitutes an attack upon the knowing and voluntary nature of his guilty plea and that a ruling that Defendants' actions were unlawful would necessarily invalidate Howard's conviction. Howard has made no showing that his conviction has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus. Further, a showing that Howard has fully served his sentence in connection with the conviction at issue here would not remove Howard's claim from the requirements of Heck. See Guerrero v. Gates, 442 F.3d 697, 704-05 (9th Cir. 2003) (holding that "[t]he fact that Guerrero is no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not lift Heck's bar," and stating that exceptions to Heck do not apply in the case at hand). Thus, Heck applies and Howard's § 1983 claim for damages against Cox cannot proceed.

In addition to damages, Howard seeks injunctive relief against Cox. Although Heck itself only involved a claim for damages, the Supreme Court has extended its underlying principle to apply regardless of the type of remedy sought. Edwards v. Balisok, 520 U.S. 641, 648 (1997);

Whitaker v. Garcetti, 486 F.3d 572, 584 (9th Cir. 2007) ("[T]he sole dispositive question [regarding application of the Heck doctrine] is whether a plaintiff's claim, if successful, would imply the invalidity of his conviction."). Howard's claims for injunctive relief against Cox are therefore barred as well.

The Court notes, however, that at the hearing on this motion Howard produced a copy of an order from the Supreme Court of Nevada (Dkt. No. 58) directing the Clark County District Court to do one of three things: enter a written order of its decision to deny Howard's motion to amend the judgment of conviction, or issue written notice to the Supreme Court that it is reconsidering its decision, or inform the Supreme Court of its need for additional time. If the district court states that it is reconsidering its ruling on Howard's motion to amend the judgment of conviction, the analysis under Heck may differ.

Notwithstanding the Heck bar, Howard's § 1983 claim against Cox is also precluded because Cox was not acting under color of state law for purposes of the statute. In Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Although there are limited exceptions to this rule for lawyers performing "certain administrative, and possibly investigative, functions," Georgia v. McCollum, 505 U.S. 42, 54 (1992), none are applicable here. Cox was serving as Howard's counsel and assisting in the negotiation of a plea agreement, which is clearly a traditional function of criminal defense counsel. See Bowmane v. Swinney, 46 F.3d 1138, at *2 (9th Cir. 1995) (affirming the district court's dismissal under Polk County of § 1983 claim against a public defender for actions taken while serving as counsel in a criminal proceeding). Howard is thus barred, absent additional facts that Cox was not acting within his traditional functions as a defense attorney, from asserting a § 1983 claim against Cox.

Howard's § 1983 claim against Defendant Kohn is likewise barred by Heck, as a finding that Kohn participated in or ratified the alleged interlineation would necessarily imply the invalidity of Howard's conviction.

Additionally, the claim against Kohn, even liberally construed, is merely a conclusory allegation that he violated the statute, without any supporting facts that would enable a court to reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). Howard has alleged no facts supporting a claim that Kohn is liable under § 1983 for his own acts; indeed, Howard has not alleged any action by Kohn at all. Similarly, Howard has not alleged any official policy or custom that was the source of his injury, as he must in order to successfully assert a § 1983 claim against an agent of a governmental entity sued in his official capacity. See Monell v. Dept. of Social Servs. of City of New York, 436 U.S. 658, 690, 694 (1978); Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007) (in order to prevail on a § 1983 claim against a municipality, the plaintiff "was required to establish . . . a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered.") (quoting Monell, 436 U.S. at 694). Accordingly, Howard's § 1983 claims are dismissed.

### C.  RICO and Fraud Claims

Howard's Complaint also includes language that, construed liberally, appears to attempt to make claims of fraud and a RICO violation. These claims must also be dismissed. The motivating principle of Heck—that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," 512 U.S. at 486—applies with equal force to Howard's fraud and RICO claims. In order to prevail on these claims, Howard would have to prove that Defendants fraudulently induced him into a guilty plea that was not knowing and voluntary. Such a finding would invalidate his conviction, and Howard cannot bring such a claim without showing that his conviction or sentence has already been reversed, expunged, invalidated, or called into question. Howard's fraud and RICO claims are thus similarly barred by Heck.

## V.    CONCLUSION

All of Howard's claims would necessarily imply the invalidity of his conviction, and Howard has made no showing that his conviction was already invalidated or otherwise called into question as Heck demands. Therefore, Howard is barred from collaterally attacking the conviction in this civil action. However, in light of the order from the Nevada Supreme Court directing the district court to enter a decision on Howard's motion to amend the judgment of conviction, and because "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs," Lira v. Herrera, 427 F.3d 1164, 1176 (9th Cir. 2005) (internal quotations and citations omitted), the Court will grant Howard additional time to file an amended complaint containing evidence that his claims are not barred by Heck.

IT IS THEREFORE ORDERED that Defendant Philip J. Kohn's and Defendant Darren G. Cox's Motion to Dismiss (Dkt. No. 29) is GRANTED without prejudice. Plaintiff Abdul Howard's Complaint (Dkt. No. 7) is DISMISSED with leave to amend. Howard shall have until December 22, 2014 to amend his complaint with evidence that his conviction has been invalidated. If he does not do so, this action shall be dismissed without prejudice to Howard reasserting his claims in the event that his conviction is later invalidated. IT IS FURTHER ORDERED that the parties shall notify the Court of any significant ruling or opinion from any Nevada state court with respect to Howard's related state case challenging aspects of his state conviction.

DATED this 30th day of September, 2014.

_____
RICHARD F. BOULWARE, II.
UNITED STATES DISTRICT JUDGE