1

2                         **UNITED STATES DISTRICT COURT**

3                                **DISTRICT OF NEVADA**

4                                            * * *

5    ABDUL HOWARD,                                    Case No. 2:11-cv-01698-RFB-NJK

6                    Plaintiff,                       <u>**ORDER**</u>

7    v.

8    STATE OF NEVADA, *et al.*,                       Plaintiff's Motion for Leave to Amend
                                                      Complaint (ECF No. 62)
9                    Defendants.

10                                                    Plaintiff's Motion to Stay (ECF No. 65)

11

12          Before the Court are two motions filed by Plaintiff Abdul Howard. The first is a Motion

13   for Leave to Amend Complaint filed on January 22, 2015. ECF No. 62. The second is a motion

14   entitled "Motion for Status Check, Request for Docket Sheet" and was filed on March 12, 2015.

15   However, based upon the motion's contents, the Court construes it as a request to stay this case

16   pending a ruling by the Supreme Court of Nevada on Howard's appeal of the state criminal case

17   which serves as the background for this case.

18          **A.      Motion for Leave to File Amended Complaint**

19          Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings

20   with leave of court. In general, leave to amend under Rule 15 should be denied only where there

21   is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"—

22   considerations commonly referred to as the <u>Foman</u> factors. <u>Chudacoff v. Univ. Med. Ctr. of S.</u>

23   <u>Nev.</u>, 649 F.3d 1143, 1152 (9th Cir. 2011); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). "[A]

24   proposed amendment is futile only if no set of facts can be proved under the amendment to the

25   pleadings that would constitute a valid and sufficient claim or defense." <u>Sweaney v. Ada Cnty.,</u>

26   <u>Idaho</u>, 119 F.3d 1385, 1393 (9th Cir. 1997).

27          Howard's Motion for Leave to Amend the Complaint is denied without prejudice for two

28   reasons. First, Howard's proposed amended pleading is not attached to the motion as required by

1    Local Rule 15-1. Second, even though the actual Amended Complaint itself is not attached to

2    Howard's motion, it is clear that his proposed amendments are futile because they are barred by

3    Heck v. Humphrey, 512 U.S. 477 (1994).

4         As the Court explained in its Order of September 24, 2014, a claim for damages is not

5    cognizable under Section 1983 if "a judgment in favor of the plaintiff would necessarily imply

6    the invalidity of his conviction or sentence" and if the conviction or sentence has not already

7    been invalidated or called into question. Id. at 487.  The key question in determining whether the

8    Heck bar applies "is whether a plaintiff's claim, if successful, would imply the invalidity of his

9    conviction." Whitaker v. Garcetti, 486 F.3d 572, 584 (9th Cir. 2007).

10        In his original Complaint, Howard alleged that Defendant Darren G. Cox, who was acting

11   as Howard's public defender in a criminal case, inserted a statement into Howard's plea

12   agreement to which Howard did not agree. Compl. ¶¶ 1-4, ECF No. 7. Howard alleged that this

13   interlineation led to Howard being labeled a sex offender and serving additional time in prison.

14   Id. ¶ 7. In his Motion to Amend, Howard explains that he is seeking to add Joseph Chronister

15   and the City of North Las Vegas as defendants in this case. Mot. Amend at 4. Howard alleges

16   that these parties, "acting on the interlineation," published and circulated notices to Howard's

17   neighbors informing them that he was a convicted sex offender. Id. Howard seeks to add a cause

18   of action for intentional infliction of emotion distress against these parties. Id. at 5.

19        Howard's proposed claim clearly constitutes an attack on the legitimacy of his underlying

20   criminal conviction and is barred by Heck. A finding in favor of Howard on his claim for

21   intentional infliction of emotional distress would imply that his underlying conviction for a

22   sexually motivated offense was invalid. As the Court stated in its Order dated September 30,

23   2014, Howard has made no showing that his conviction has been reversed, expunged,

24   invalidated, or called into question by a writ of habeas corpus, as Heck requires in order to

25   sustain a collateral attack on a criminal conviction through a civil tort action. Heck, 512 U.S. at

26   486-87.

27        Because Howard's proposed amendment is barred by Heck for the reasons stated above,

28   Howard has not presented a set of facts that would constitute a valid claim. Howard's Motion for

1  Leave to File Amended Complaint is therefore denied. However, this denial is without prejudice.

2  If Howard can produce evidence that his conviction has been invalidated or otherwise called into

3  question as required by <u>Heck</u>, or if Howard can allege a set of facts that would not necessarily

4  imply the invalidity of his conviction, the Court may consider granting leave to amend.

5             **B.**       **Motion to Stay**

6        District courts have discretion to stay the proceedings before them in light of their

7  inherent power to control their own dockets and promote judicial economy. <u>Lockyer v. Mirant

8  Corp.</u>, 398 F.3d 1098, 1110 (9th Cir. 2005); <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 255 (1936).

9  "[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course

10  for the parties to enter a stay of an action before it, pending resolution of independent

11  proceedings which bear upon the case. This rule applies whether the separate proceedings are

12  judicial, administrative, or arbitral in character . . . ." <u>Yong v. I.N.S.</u>, 208 F.3d 1116, 1119-20

13  (9th Cir. 2000) (quoting <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593 F.2d 857, 863 (9th Cir.

14  1979)). However, a stay should generally be for a limited duration, have a defined end point, and

15  should not be granted "if there is even a fair possibility" that the stay will harm another party,

16  unless the moving party makes a showing of hardship or inequity. <u>Dependable Highway Express,

17  Inc. v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting <u>Landis</u>, 299 U.S. at

18  255).

19        Howard's Motion to Stay is granted until the Supreme Court of Nevada issues a ruling on

20  his criminal appeal. A decision on Howard's appeal will have a significant effect on this case

21  because if the Supreme Court of Nevada overturns Howard's conviction, his Section 1983 case

22  may no longer be barred by <u>Heck</u> (although it may still face other barriers). It would be a waste

23  of judicial resources and a burden to the parties to permit continued filings in this case while a

24  potentially dispositive threshold issue is being decided by the Supreme Court of Nevada. Further,

25  the Court does not find that a stay would harm Defendants—to the contrary, it would prevent

26  further expense or burden to them from having to litigate any further issues while Howard's

27  criminal appeal is being decided.

28  / / /

**<u>ORDER</u>**

For the reasons discussed above,

**IT IS ORDERED** that Plaintiff Abdul Howard's Motion for Leave to Amend Complaint (ECF No. 62) is DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff Abdul Howard's Motion to Stay (ECF No. 65) is GRANTED. This case is STAYED until the Supreme Court of Nevada issues a decision on Plaintiff's criminal appeal, Supreme Court No. 65826.

**IT IS FURTHER ORDERED** that within **15 days** of receiving a decision on his criminal appeal from the Supreme Court of Nevada, Plaintiff Abdul Howard shall notify this Court in writing of the Supreme Court of Nevada's decision.

**IT IS FURTHER ORDERED** that the Defendants shall file a status report with Court by July 1, 2015 as to the status of Howard's appeal.

Dated: April 29, 2015.

**RICHARD F. BOULWARE, II**
**United States District Judge**